**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Pearson, | No. CV-20-00237-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Before the Court are Defendants CoreCivic, Inc. and CoreCivic of Tennessee, LLC (collectively, "CoreCivic") and Plaintiff's Joint Notice Regarding Discovery Dispute Concerning Internal Report, (Doc. 37), and Plaintiff's Request for Judicial Notice, (Doc. 34). The Court held oral argument on these matters on September 14, 2020.

**I.  Judicial Notice**

Plaintiff requests that the Court judicially notice that Defendant Carrizoza has been criminally charged with two felonies in Pinal County, Arizona, case #CR 2020-01651, stemming from the incident described in Plaintiff's Complaint (the "pending criminal case"), and that Defendant Carrizoza has agreed to plead guilty in the pending criminal case.[1] (Doc. 34 at 2.) In response, Defendant Carrizoza denies entering the alleged plea

---

[1] Plaintiff also requests that the Court take judicial notice that Defendants Christopher Lewis, Julian Nunez, and Christobal Carrizoza (collectively, the "Individual Defendants") were acting within the course and scope of their employment with CoreCivic when the incident giving rise to this lawsuit occurred. (Doc. 34 at 2.) CoreCivic denies this allegation. (Doc. 34 at 2.) After hearing oral argument, the Court ruled from the bench, denying Plaintiff's Request as to this fact because it is subject to reasonable dispute. *See* Fed. R. Evid. 201(b).

agreement, (Doc. 39 at 2), and Plaintiff now concedes he "was mistaken about the status of the criminal proceedings," (Doc. 45 at 2). The Court therefore denies Plaintiff's Request as to Defendant Carrizoza's alleged guilty plea in the pending criminal case.

The Court next addresses Plaintiff's request as to the existence of the pending criminal case. Federal Rule of Evidence 201(b) provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Moreover, the Court "may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

Plaintiff requests that the Court take judicial notice that "On July 9, 2020, Plaintiff was formally made aware that criminal charges were filed against Defendant [Carrizoza] for the crimes of Aggravated Assault, a class 3 felony, and Aggravated Assault, a class 4 felony, with regard to the incidents described in Plaintiff's Complaint." (Doc. 34 at 2.) Defendant Carrizoza, in a Motion to Stay Proceedings, (Doc. 50), filed with the Court a copy of the Direct Complaint in case #CR 2020-01651, confirming the existence and nature of the pending criminal case. (Doc. 50, Ex. 1.) Thus, the Court finds that the existence of the pending criminal case is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b); *see also Spindler v. State Bar of Cal.*, 2019 WL 9519975, *4 (C.D. Cal. March 19, 2019) (taking judicial notice of a criminal complaint filed against a party).

That said, at oral argument, and for the first time, CoreCivic opposed Plaintiff's request on grounds that the pending criminal case is irrelevant to the claims alleged against it. Although relevance is not explicitly required to satisfy Rule 201, the Ninth Circuit has declined to take judicial notice of facts that are irrelevant. *See e.g.*, *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n. 2 (9th Cir. 2006) (declining to take judicial notice of reports that were not relevant to the resolution of the appeal); *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n. 7 (9th Cir. 2000) (declining to take judicial

notice of statistics that were not relevant to any issue on appeal). This makes sense given that adjudicative facts, to which Rule 201 applies, "are the facts that normally go to the jury in a jury case." Fed. R. Evid. 201, Advisory Committee Notes, Note to Subdivision (a). The Court notes that Plaintiff has not requested that the Court resolve any particular issue using this fact. Rather, Plaintiff, at oral argument, explained he merely wanted to make the Court "aware" of the pending criminal case. Nevertheless, the Court is not persuaded by CoreCivic's relevance argument. At this stage, CoreCivic's Motion for Judgment on the Pleadings, (Doc. 24), the Individual Defendants' Motion for Judgment on the Pleadings, (Doc. 48), and Defendant Carrizoza's Motion to Stay Proceedings (Doc. 50), remain pending before the Court. Moreover, Plaintiff, in his Complaint, alleges numerous claims against CoreCivic, including state law claims of assault, battery, and intentional infliction of emotional distress.[2] The Court finds the pending criminal case is relevant to issues pending in this case, the resolution of which will directly impact CoreCivic, and to at least some of Plaintiff's claims against CoreCivic.

Accordingly, the Court takes judicial notice that the Direct Complaint in case #CR 2020-01651 exists but declines to judicially notice the truth of any allegations recited therein. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (explaining that when courts take judicial notice of another court's records, "it may do so not for the truth of the facts recited therein, but for the existence of the [record], which is not subject to reasonable dispute over its authenticity").

**II.   Discovery Dispute**

The discovery dispute concerns whether a report from a regional investigator to CoreCivic's General Counsel Office of Investigations ("GCOI") dated December 7, 2018 (the "Internal Report") is subject to the attorney-client privilege or the work product doctrine. (Doc. 37 at 1–2.) With respect to attorney-client privilege, the parties agree that

---

[2] Indeed, in a subsequent motion, CoreCivic admits "the pending criminal proceedings against Defendant Carrizoza significantly impact and undermine CoreCivic's ability to defend the state law tort claims that Plaintiff is asserting against it in this action, all of which require Plaintiff to show that the individual Defendants, including Defendant Carrizoza, were acting within the course and scope of their employment with CoreCivic . . . ." (Doc. 53 at 2.)

A.R.S. § 12-2234 governs the dispute but disagree as to whether the Internal Report falls within that statute's parameters. Pursuant to A.R.S. § 12-2234(B), "any communication is privileged between an attorney for a corporation . . . and any employee . . . of the entity" if the communication is for the purpose of providing legal advice or to obtain information in order to provide legal advice to the entity.

The attorney-client privilege extends to agents through whom a lawyer and client might confidentially confer. *See* A.R.S. § 12-2234(A); *Samaritan Found. v. Superior Court*, 844 P.2d 593, 599 (Ariz. Ct. App. 1992), *vacated in part on other grounds*. For example, in *Salvation Army v. Bryson*, 237 P.3d 656 (Ariz. Ct. App. 2012), the defendant's counsel retained a private investigator to conduct interviews of the defendant's employees and volunteers following the incident from which that case arose. *Id.* at 657–58. The plaintiff sought copies of all tapes and interview notes created by the private investigator. *Id.* at 663. Emphasizing that the investigator prepared the materials at the direction of legal counsel, the Court of Appeals of Arizona concluded the communications were privileged under A.R.S. § 12-2234. *Id.*

The Court finds that the Internal Report is protected under the attorney-client privilege. As *Salvation Army v. Bryson* illustrates, "communications made by and to non-attorneys serving as agents of attorneys in internal investigations are routinely protected by the attorney-client privilege." *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 758 (D.C. Cir. 2014). After learning about the incident giving rise to this case, CoreCivic's Assistant General Counsel directed GCOI to investigate the matter and prepare a report so she could provide legal advice to the warden at Red Rock Correctional Center. GCOI assigned the investigation to a regional investigator, who interviewed witnesses and created the Internal Report. The regional investigator acted at the direction of CoreCivic's Assistant General Counsel so that she, in turn, could provide legal advice to CoreCivic. Thus, the Internal Report is privileged.

Although the Court's ruling on the application of the attorney-client privilege resolves this dispute, the Court notes that the Internal Report is also protected under the

work product doctrine. The work product doctrine protects from discovery documents and tangible things that are prepared by or for a party or its representative in anticipation of litigation. Fed. R. Civ. P. 26(b)(3)(A). CoreCivic concedes that it would have investigated the incident underlying this case regardless of whether litigation was anticipated (Doc. 43 at 5.) Where, as here, a document is not prepared exclusively for litigation, courts in the Ninth Circuit use the "because of" standard to determine whether the work product doctrine applies. *United States v. Richey*, 632 F.3d 559, 568 (9th Cir. 2011). "The 'because of' standard does not consider whether litigation was a primary or secondary motive behind the creation of a document." *In re Grand Jury Subpoena, Mark Torf/Torf Envtl. Mgmt. ("Torf")*, 357 F.3d 900, 908 (9th Cir. 2004). Rather, a document should be deemed eligible for work product protection if "in light of the nature of the document and factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *Id.* at 907.

Here, Plaintiff argues the Internal Report is not protected by the work product doctrine because it was created in the ordinary course of business and not in anticipation of litigation. (Doc. 46 at 8.) The Court disagrees. As CoreCivic points out, at the time its Assistant General Counsel directed GCOI to investigate the incident from which this case arises, "CoreCivic knew that one of its employees had fired a Muzzle Blast round at several other employees in direct violation of an administrative directive and that Plaintiff alleged that he was hurt in the incident." (Doc. 43 at 5–6.) Considering the totality of the circumstances, the Court concludes that the Internal Report can fairly be said to have been prepared because of the prospect of litigation. *See Torf*, 357 F.3d at 907–08. Accordingly, work-product protection applies to the Internal Report.[3]

### III. Conclusion

Accordingly,

---

[3] Because the Internal Report is privileged under A.R.S. § 12-2234, the Court does not address the exception to the work product doctrine in Federal Rule of Civil Procedure 26(b)(3)(A)(ii). *See Salvation Army*, 273 P.3d at 660 ("[A] claim of attorney-client privilege makes the discussion of substantial need and unavailability of the substantial equivalent irrelevant.").

**IT IS ORDERED** that Plaintiff's Request for Judicial Notice (Doc. 34) is denied in part and granted in part. Plaintiff's request is denied as to Defendants Lewis, Nunez, and Carrizoza acting within the "course and scope" of their employment. Plaintiff's request is denied as to Defendant Carrizoza pleading guilty in case #CR 2020-01651. He did not. Plaintiff's request is granted as to the existence of the Direct Complaint in case #CR 2020-01651 but denied as to the truth of any allegations recited therein.

**IT IS FURTHER ORDERED sustaining** CoreCivic's objection to Plaintiff's request that the Internal Report be disclosed.

Dated this 16th day of September, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge