**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Jason Pearson,

               Plaintiff,

v.

State of Arizona, et al.,

               Defendants.

No. CV-20-00237-PHX-MTL

**ORDER**

Before the Court is Plaintiff Jason Pearson's Motion to Remand (the "Motion") (Doc. 69). The Court now resolves this Motion as follows.

## I.    BACKGROUND

The following factual summary derives from the Amended Complaint. Mr. Pearson began working as a correctional officer at CoreCivic, Inc.'s and CoreCivic of Tennessee, LLC's (collectively, "CoreCivic") Red Rock Correctional Center in Eloy, Arizona in 2018. (Doc. 66 ¶¶ 10, 34.) Within a few months of his start date, Mr. Pearson was invited to join the Tactical Support Unit, which exists to respond to high-intensity situations such as hostage situations, fights, and riots. (*Id*. ¶¶ 36, 37.) Mr. Pearson's first training session took place in late November 2018. (*Id*. ¶ 48.) Also participating in the training session were Defendants Christopher Lewis, Christobal Carrizzoza, and Julian Nunez (collectively, the "Individual Defendants"). Events that unfolded during that session resulted in Mr. Pearson sustaining severe injuries, giving rise to this lawsuit.

After filing this lawsuit in Pinal County Superior Court, CoreCivic removed this

case to this Court, asserting that there is "original jurisdiction over this action under 28 U.S.C. § 1331."[1] (Doc. 1 ¶ 7.) Mr. Pearson's Complaint alleged thirteen causes of actions: (1) race discrimination under 42 U.S.C. §§ 1981, 1983, (2) conspiracy under 42 U.S.C § 1985, (3) race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, 2000e-2, and (4) hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, (5) conspiracy, (6) assault, (7) battery, (8) gross negligence, (9) negligent selection of independent contractor, (10) intentional infliction of emotional distress, (11) race discrimination under the Arizona Civil Rights Act, A.R.S. § 41-1463, (12) hostile work environment under the Arizona Civil Rights Act, A.R.S. § 41-1463, and (13) punitive damages. (Doc. 1-3.) CoreCivic's removal included the state-law claims set forth in the Complaint based on supplemental jurisdiction, 28 U.S.C. § 1367(a). (Doc. 1 ¶ 8.)

CoreCivic filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). (Doc. 24.) The Individual Defendants joined CoreCivic's motion and filed a separate Motion for Judgment on the Pleadings, asserting additional reasons to dismiss the claims against them. (Doc. 48.) Defendant Carrizzoza then filed a Motion to Stay Proceedings due to the State of Arizona bringing criminal charges against him "arising out of the same incident giving rise to this lawsuit." (Doc. 50 ¶¶ 23, 24.) This Court granted both CoreCivic's and the Individual Defendants' Motions for Judgment on the Pleadings but granted Mr. Pearson leave to amend his Complaint. (Doc. 63.) The Court also granted Defendant Carrizzoza's Motion to Stay Proceedings to a limited extent. (*Id.*)

Mr. Pearson then filed his Amended Complaint, which alleges six state-law causes of actions: (1) assault, (2) battery, (3) gross negligence, (4) intentional infliction of emotional distress, (5) punitive damages, and (6) vicarious liability/respondeat superior. (Doc. 66 ¶¶ 151–204.) He no longer alleges any federal claims. After filing the Amended Complaint, Mr. Pearson brought the instant Motion to Remand. (Doc. 69.) Mr. Pearson argues that because the Amended Complaint contains only state-law claims, the Court

---

[1] The Individual Defendants consented to the removal. (Doc. 1 ¶ 4.)

1  lacks subject matter jurisdiction and the case should be remanded. (*Id.* ¶¶ 11, 12.) The

2  Motion is now fully briefed. (Doc. 71; Doc. 73.)[2]

3  **II.    LEGAL STANDARD**

4        District courts have subject matter jurisdiction over claims that "arise under the

5  Constitution, laws, or treaties of the United States" or over "civil actions where the matter

6  in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

7  between" diverse parties. 28 U.S.C. §§ 1331, 1332. Where a court has original

8  jurisdiction over at least one claim, the court also has "supplemental jurisdiction over all

9  other claims that are so related to claims in the action within such original jurisdiction

10 that they form part of the same case or controversy." *Id.* § 1367(a). Litigation initiated in

11 a state court that includes a cause of action arising under federal law is subject to removal

12 to federal court. *Id.* § 1441(c)(1)(A).

13       Our judicial system recognizes, however, that "[s]tate courts enjoy a 'deeply

14 rooted presumption' that they have jurisdiction to adjudicate all claims arising under state

15 or federal law." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018). On a

16 motion for remand, therefore, this Court is to presume that federal jurisdiction does not

17 exist. *Id*. The burden is on the removing party to rebut this presumption and prove the

18 existence of subject-matter jurisdiction. *Id*. at 1057. "If at any time before final judgment

19 it appears that the district court lacks subject matter jurisdiction, the case shall be

20 remanded." 28 U.S.C. § 1447(c).

21 **III.   DISCUSSION**

22       A federal court may exercise supplemental jurisdiction over state-law claims "that

23 are so related to claims in the action within such original jurisdiction that they form part

24 of the same case or controversy under Article III of the United States Constitution." 28

25 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over

26 a state-law claim, even where removal was proper, "if (1) the claim raises a novel or

27 complex issue of state law, (2) the claim substantially predominates over the [original

28
---
[2] CoreCivic joined the Individual Defendants' Response in Opposition of the Motion. (Doc. 72.)

jurisdiction claim], (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances." *Id.* § 1367(c). "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). When exercising its discretion, the court considers the interest in "economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Where there is not a strong showing of judicial economy, convenience, and fairness being served by retaining the state-law claims, considerations of comity and federalism favor remanding the claims to state court. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

The threshold requirement for supplemental jurisdiction under 28 U.S.C. § 1367(a) is not satisfied because there is no longer a federal question in Mr. Pearson's Amended Complaint and there is no diversity jurisdiction. The parties agree that the instant case was removed properly for all thirteen causes of actions based on federal question and supplemental jurisdiction. (Doc. 69 at 3; Doc. 71 at 1.) The parties now, however, disagree on whether the Court should exercise its discretion to keep the remaining state-law claims. (Doc. 69 at 3; Doc. 71 at 2.) Mr. Pearson contends that, given this Court no longer has original jurisdiction and the remaining state-law claims substantially predominate, the Court should decline to exercise supplemental jurisdiction. (Doc. 69 at 3.) Mr. Pearson also argues that because the "case is still in its infancy," the balance of factors favors remand. (*Id.*) The Individual Defendants argue that this Court should retain this matter because the Court is "intimately familiar with [its] facts, arguments and intricacies" from the past year of litigation. (Doc. 73 at 3.) The Individual Defendants also argue that, because the court has ruled on Motions for Judgment on the Pleadings and a Motion to Stay Proceedings after being fully briefed and argued, the

1   factors tilt in favor of retention. (*Id.*) They observe that if the matter is remanded, "their

2   time, efforts and expense educating this Court will have essentially been wasted." (*Id.*)

3       The Court disagrees with the Individual Defendants' contention that the values of

4   economy, convenience, fairness, and comity favor retention of this matter. These factors

5   may weigh toward exercising supplemental jurisdiction if there is considerable

6   procedural advancement, such that it would be a waste of judicial resources or unfair to

7   the parties to remand the matter. *See, e.g.*, *In re Nucorp Energy Sec. Litig.*, 772 F.2d

8   1486, 1491 (9th Cir. 1985) (finding that the district court "was right in not imposing

9   unnecessarily on a state court . . . repetition of pleadings, motions, discovery and other

10  pre-trial proceedings"); *Acosta v. Cal. Highway Patrol*, No. 18-cv-00958-BLF, 2019 WL

11  4596726, at *3 (N.D. Cal. Sept. 23, 2019) (noting that if trial was still set to begin in two

12  weeks the factors would "weigh[] heavily against remand" because it could cause delay

13  of up to two years). There, however, has not been considerable procedural advancement

14  here. Although this case has been with this Court for approximately one year, there have

15  been no depositions taken, no experts have been disclosed, discovery is still in its early

16  stages, and a trial date has not been set. This case has not advanced so far procedurally

17  that it would be a waste of judicial resources or unfair to the parties to remand it to state

18  court.

19      It is also true that the balance of factors may weigh in favor of exercising

20  discretion to retain the claims when considerable time was expended on the state-law

21  claims before dismissing the federal law claims. *See Schneider v. TRW, Inc.*, 938 F.2d

22  986, 994 (9th Cir. 1991) (holding that it was not an abuse of discretion to retain pendent

23  claims after about thirty-two months). The Court has gained familiarity with the facts and

24  issues presented in this case, but those considerations align more with the "usual case in

25  which all federal-law claims are eliminated before trial" than the exceptional

26  circumstance that would override considerations of federalism and comity. *Cohill*, 484

27  U.S. at 350 n.7. There has not been a considerable amount of time expended over the

28  state-law claims here to warrant exercising the Court's discretion. Even if the judicial

economy and convenience factors favor the Individual Defendants, their arguments are still unpersuasive because those factors are outweighed by the principles of comity and federalism. *See Roundtree v. Atl. Dev. & Inv.*, No. CV-09-269-PHX-DGC, 2009 WL 2132697, at *3 (D. Ariz. July 16, 2009) (finding that remand was appropriate because "the interests of comity and federalism" outweighed judicial economy and convenience); *see also Daghlawi v. Juilin Hung*, No. CV-19-05824-PHX-DWL, 2020 WL 224362, at *1 (D. Ariz. Jan. 15, 2020) ("[C]onsiderations of federalism and comity are best served by allowing Arizona state courts to address state-law claims.").

While the Individual Defendants maintain that the Court should not remand this action because the state-law claims require straightforward applications of Arizona tort law, this Court believes that the state court is better equipped to handle such claims that now substantially predominate the Amended Complaint. *Gibbs*, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). Just because a district court *can* exercise supplemental jurisdiction over certain state matters does not mean that it *should*. There is nothing unusual about this case that would tilt the balance of factors toward retaining jurisdiction. *Cohill*, 484 U.S. at 350 n.7; *see also Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (finding no abuse of discretion when declining to exercise supplemental jurisdiction for a case that was not "in any way unusual"). The Court therefore declines to exercise supplemental jurisdiction over Mr. Pearson's state-law claims.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** granting Mr. Pearson's Motion to Remand (Doc. 69).

**IT IS FURTHER ORDERED** directing the Clerk to remand this action to the Pinal County Superior Court and close this case.

//

//

Dated this 8th day of February, 2021.

Michael T. Liburdi
United States District Judge